UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYESHA WILLIAMS  
o/b/o R.M.A.C., a minor,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

CASE NO. 16-CV-12176
HON. GEORGE CARAM STEEH
MAG. JUDGE PATRICIA MORRIS

**OPINION AND ORDER ACCEPTING REPORT AND
RECOMMENDATION (Doc. 13), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 15), DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (Doc. 11), GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 12),
AND SUSTAINING DEFENDANT'S LIMITED OBJECTION (Doc. 14)**

**I. INTRODUCTION**

This matter is before the court on the parties' cross motions for summary judgment as to Plaintiff Tyesha Williams's claim, on behalf of her son, R.M.A.C., for judicial review of a final decision of Defendant Commissioner that Plaintiff was not disabled under 42 § U.S.C. 1382c(a)(3)(C). The matter was referred to Magistrate Judge Patricia T. Morris who issued a report and recommendation on April 21, 2017,

recommending that Plaintiff's motion be denied and that the Commissioner's motion be granted. Plaintiff filed timely objections to the magistrate judge's report and recommendation, which this court has duly considered. Defendant filed a limited objection to the magistrate judge's report and recommendation, which this court has also considered. For the reasons stated below, Plaintiff's objections are overruled, Defendant's limited objection is sustained, Defendant's motion for summary judgment is granted, Plaintiff's motion for summary judgment is denied, and the court shall accept the magistrate judge's report and recommendation.

## II. FACTUAL AND PROCEDURAL HISTORY

The facts and procedural history of this case are set forth in the magistrate judge's report and recommendation. Upon review of the record, the court accepts the recitation of the facts set forth there as the factual findings of this court.

## III. STANDARD OF REVIEW

Judicial review of benefits decisions made by the Commissioner of Social Security after a hearing is authorized by 42 U.S.C. § 405(g). When reviewing a magistrate judge's report and recommendation upon objection from any party, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision unless it determines that the Commissioner "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The court may not evaluate the credibility of witnesses or try the case de novo. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently

and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (noting that the substantial evidence standard "presupposes... a zone of choice within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks and citation omitted). A court may not reverse the Commissioner's decision merely because it disagrees or because substantial evidence can also be found in the record to support the opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. ANALYSIS

### A. Plaintiff's Objection No. 1

Plaintiff alleges that the Administrative Law Judge (ALJ) and Magistrate Judge Morris violated agency regulations, thus establishing a lack of substantial evidence. (Doc. 15 at 1). Plaintiff quotes a court decision; however, Plaintiff does not provide evidence to support that the opinions of the ALJ or Magistrate Judge Morris violated agency regulations. *Id.* at 1-2. Plaintiff further contends that "[s]ubstantial evidence on this record supports only one result[,]" that R.M.A.C.'s impairments functionally equal a listing. *Id.* at 2. Yet, Plaintiff does not attempt to prove that "substantial evidence on this record supports only one result." *Id.*

As Magistrate Judge Morris noted, as long as the Commissioner's decision applied the correct legal standard and is supported by substantial evidence in the record, it must be upheld. (Doc. 13 at 3). A decision by the Commissioner is not reversible simply because there exists in the record substantial evidence to support a different conclusion. *See McClanahan*, 474 F.3d at 833. Plaintiff appears to argue that the ALJ and Magistrate Judge Morris did not give proper consideration to the questionnaires completed by the teachers and Plaintiff's mother. (Doc. 15 at 2). The ALJ and Magistrate Judge Morris considered all evidence, but found the specific medical findings of Drs. Bray and Czarnecki more persuasive. *See* 20 C.F.R. § 404.1527(a)(3) (explaining that medical opinions are given more weight when they present specific and relevant medical signs).

The court holds that the ALJ and Magistrate Judge Morris did give proper consideration to all the evidence in the record. Pursuant to 20 C.F.R. § 404.1527(c)(1)-(6), the ALJ and Magistrate Judge Morris appropriately considered the questionnaires as well as the medical evidence. (Doc. 13 at 13-14). Furthermore, the ALJ's conclusions were supported by substantial evidence based on the totality of the information obtained from Dr. Czarnecki, Dr. Hugh Bray, and Ms. Simancek. *Id.* 42 U.S.C. § 405(g) provides that findings of fact supported by substantial

evidence are conclusive. Therefore, the court finds Plaintiff's argument that the ALJ and Magistrate Judge Morris violated agency regulations unpersuasive.

**B. Plaintiff's Objection No. 2**

Plaintiff argues that the magistrate judge's report and recommendation did not properly evaluate "the evidence to determine whether substantial evidence supports the choices made by the ALJ" in concluding that R.M.A.C. was not markedly limited in acquiring and using information. (Doc. 15 at 2-3). Instead of providing additional evidence to support this contention, Plaintiff recites verbatim a portion of a previous brief before this court. (*Compare* Doc. 15 at 3-4 *with* Doc. 11 at 15-16). When Plaintiff's objections merely recite duplicate arguments, "[t]his Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).

Moreover, it is clear that Magistrate Judge Morris did properly analyze the evidence as to whether R.M.A.C. was markedly limited in acquiring and using information. The report and recommendation comprehensively discussed the evidence that the ALJ considered to find

that R.M.A.C. did not have marked limitations in any domain. (*See* Doc. 13 at 12-15). Plaintiff relies on Mr. Wiggins' questionnaire, even though the report explained the ALJ's decision to give little weight to Mr. Wiggins' questionnaire. *Id.* at 13. Medical opinions are to be accorded controlling weight by the ALJ if they are based on "medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2). Opinions that are not accorded controlling weight must be assessed using a six-factor test that takes into account the nature and length of the treatment relationship, frequency of examination, consistency of the opinion with the record as a whole, and the specialization of the treating source. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ must give "good reasons" for the weight assigned to a particular medical opinion. 20 C.F.R. § 404.1527(c)(2). Here, the ALJ provided a sound explanation for the minimal weight assigned to Mr. Wiggins' questionnaire. In particular, the report and recommendation gave Mr. Wiggins' questionnaire little weight because he had known R.M.A.C. for only twenty days. (Doc. 13 at 13).

The report and recommendation duly considered Ms. Simancek's questionnaire and explained that it did show serious behavioral issues. *Id.* Nevertheless, Ms. Simancek observed that Plaintiff showed significant

improvement in his behavior over time. *Id.* The ALJ then compared the questionnaire to the medical findings of psychologists Dr. Czarnecki and Dr. Hugh Bray. *Id.* Dr. Czarnecki found "less than marked limitations in the areas of attending and completing tasks, interacting and relating with others, and caring for oneself." *Id.* Dr. Bray found that Plaintiff was not markedly limited in any areas. *Id.* Thus, the ALJ and Magistrate Judge Morris properly weighed the evidence, and this court affirms those findings.

**C. Plaintiff's Objection No. 3**

Plaintiff argues that "the Magistrate Judge again simply affirmed the result reached by the ALJ without the requisite inquiry into the substantiality of the evidence supporting the finding reached" as to attending and completing tasks and interacting and relating to others. Again, Plaintiff recites verbatim from a previous brief before this court. (*Compare* Doc. 15 at 6-8 *with* Doc. 11 at 16-19). Again, "[t]his Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations." *Owens*, 2013 WL 1304470, at *3. As to the question of attending and completing tasks, the little weight given to Mr. Wiggins' questionnaire was sufficiently supported "because he had very limited personal knowledge of Plaintiff's condition." (Doc. 13 at 14). Furthermore, the findings of Ms.

Simancek, Dr. Bray, and Dr. Czarnecki supported the ALJ's conclusion. *Id.* at 15.

As to interacting and relating with others, Plaintiff relies on "statements from teachers, his school, and his mother." (Doc. 15 at 6-7). However, Plaintiff ignores the findings of Drs. Bray and Czarnecki. *See id.* at 5-9. Plaintiff's explanation as to why the statements from teachers and his mother should be given more weight than the medical findings of psychologists was that "[t]he teacher is in the very best position to comment and remark upon RMAC's abilities to complete tasks, focus, and pay attention." *Id.* at 8; *see also* Doc. 13 at 15-16. The court finds this contention unpersuasive. Again, Magistrate Judge Morris correctly discounted Mr. Wiggins' questionnaire and explained that "[t]he ALJ favored the findings of Drs. Bray and Czarnecki here, noting that even in Ms. Simancek's report, Plaintiff recently exhibited 'significant improvement with only occasional problems.'" (Doc. 13 at 15). Thus, Magistrate Judge Morris properly affirmed the ALJ's findings, and this court affirms those findings.

**D. Plaintiff's Objection No. 4**

Plaintiff asserts that "[t]he Magistrate Judge erred when she found that the ALJ's finding that Plaintiff did not have marked difficulties in the

domain of caring for oneself was 'ultimately harmless.'" (Doc. 15 at 9). The report and recommendation found that this error was harmless because if Plaintiff was found markedly impaired in caring for oneself, that impairment alone would not be enough to functionally equal a listed impairment. (Doc. 13 at 17). 20 C.F.R. § 416.926a requires marked limitations in two domains of functioning for an impairment to functionally equal a listed impairment. The only argument Plaintiff raised to show that this error was not harmless was that "the other domains remain hotly contested by Plaintiff [and] this one area makes a major difference." (Doc. 15 at 10). To that point, the court holds that the totality of the medical evidence of Drs. Bray and Czarnecki coupled with Ms. Simancek's report was sufficient to support the magistrate judge's conclusion that this was a harmless error.

**E. Defendant's Limited Objection**

Defendant points out that the magistrate judge's report and recommendation erroneously identified that Social Security Ruling (SSR) 96-6p "did not apply to this case because it was rescinded on March 27, 2014." (Doc. 14 at 1). The report and recommendation is incorrect; SSR-96-6p was rescinded on March 27, 2017. *See* SSR 17-2p: Titles II and XVI: *Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process To Make Findings About*

*Medical Equivalence*, 82 Fed. Reg. 15263-02 (Mar. 27, 2017) (rescinding and replacing SSR 96-6p). Therefore, SSR 96-6p did apply to the ALJ's January 29, 2015 decision; however, under SSR 96-6p, the ALJ was not required to obtain an updated medical opinion on the subject of functional equivalency.

Plaintiff appears to confuse functional equivalence with medical equivalence. Only medical equivalence requires the ALJ to obtain an updated medical report. *See* SSR 09-1p (stating that "[w]hile SSR 96-6p requires that an ALJ … must obtain an updated medical expert opinion before making a decision of disability based on medical equivalence, there is no such requirement for decisions of disability based on functional equivalence."). As Defendant correctly noted, SSR 96-6p "does not apply when an ALJ is considering whether a child's impairment functionally equals a listing." (Doc. 12 at 11) (quoting *Johnson v. Comm'r of Soc. Sec.*, No. 13-cv-11658, 2014 WL 4798963, at *9 n.7 (E.D. Mich. Sept. 26, 2014)). Notwithstanding the mistake, the report and recommendation correctly found that SSR 96-6p did not require an updated medical opinion in this matter. (Doc. 13 at 19). Therefore, Defendant's limited objection is sustained and the magistrate judge's report and recommendation is affirmed.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's objections are hereby **OVERRULED.** Consistent with the analysis herein, the court hereby **ACCEPTS** Magistrate Judge Morris's report and recommendation dated April 21, 2017 (Doc. 13), **AFFIRMS** the ALJ, **SUSTAINS** Defendant's limited objection (Doc. 14), **GRANTS** Defendant's motion for summary judgment (Doc. 12), **DENIES** Plaintiff's motion for summary judgment (Doc. 11), and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 11, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 11, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk